```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――
MARISOL CASIANO,

                        Plaintiff,           19-cv-9732 (JGK)

        - against -                          MEMORANDUM OPINION
                                             AND ORDER
KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL
SECURITY,¹

                        Defendant.
―――――――――――――――――――――――――――――――
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Marisol Casiano, brought this action against the Commissioner of Social Security for past-due Social Security benefits. The plaintiff was awarded past-due benefits in the amount of $194,505.50. ECF No. 24-2 ("Award") at 11. The plaintiff's counsel now seeks attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the motion for attorney's fees is **granted**.

**I.**

Unless otherwise noted, the following facts are taken from the Social Security Administration Administrative Record, ECF No. 8 ("Admin. Record"), and are undisputed.

The plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits, which the Social

---

[1] The complaint named Andrew Saul, then the Commissioner of Social Security, as the defendant. Compl., ECF No. 1. Kilolo Kijakazi, the current Acting Commissioner of Social Security, is automatically substituted for Saul pursuant to Federal Rule of Civil Procedure 25(d).

Security Administration ("SSA") denied on February 23, 2015. Admin. Rec., ECF No. 8-4, at 9. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on December 29, 2016. Id., ECF No. 8-2, at 42. On January 31, 2017, the ALJ found that the plaintiff was not disabled. Id., ECF No. 8-3, at 10. After review and remand by the Appeals Council, the plaintiff's application was again denied, after a second hearing, on October 4, 2018. Id., ECF No. 8-2, at 12. The Appeals Council denied the plaintiff's request for review. Id. at 2.

On September 12, 2019, the plaintiff retained counsel and signed a retainer agreement providing that the contingency fee paid to the plaintiff's counsel "shall be 25% of **all** retroactive or past due social security disability benefits awarded to" the plaintiff. ECF No. 24-1 at 2 (bolding in original). On October 21, 2019, the plaintiff filed this action in federal court, seeking past-due Social Security benefits. ECF No. 1.

On March 30, 2020, the plaintiff filed a motion for judgment on the pleadings. ECF No. 9. The parties then agreed to remand the case to the Commissioner of Social Security for further administrative proceedings. ECF No. 15. Based on a stipulation between the parties, this Court also awarded the plaintiff attorney's fees under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412, in the amount of $5,800.00. ECF No. 18.

On remand, a third administrative hearing was held. The plaintiff was found to be disabled and was approved for SSDI benefits. Award at 2.

On November 27, 2021, the SSA gave notice that the plaintiff's past-due benefits totaled $194,505.50.[2] Id. at 11. The SSA withheld $48,626.38 — or 25% of the total benefits — to pay the plaintiff's approved representative's fee. Id. The plaintiff's counsel now seeks an award of $29,026.16 under 42 U.S.C. § 406(b),[3] which represents the balance of the withheld sum following an award of $19,600.22 in administrative fees granted to attorneys who helped the plaintiff with the administrative application pursuant to 42 U.S.C. § 406(a). See ECF No. 24-3.

## II.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of

---

[2] This award superseded a previous award of $171,795.50 issued on November 21, 2021. See Award at 4.
[3] The plaintiff's counsel initially sought an award of $29,200, ECF No. 19, but decreased that request in a timely filed amended motion. ECF No. 23.

3

the past-due benefits to which the claimant is entitled by reason of such judgment."[4] 42 U.S.C. § 406(b)(1)(A). A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Because "a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht, 535 U.S. at 807.

Several factors are considered in evaluating the reasonableness of contingency fee arrangements. Courts should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022). At bottom,

---

[4] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

however, district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters . . . ordinarily qualify for highly respectful review." Gisbrecht, 535 U.S. at 808. Courts must also consider whether a contingency fee award would result in a windfall. Fields, 24 F.4th at 849. To evaluate whether such an award would constitute a windfall, factors to consider are 1) "the ability and expertise of the lawyers," 2) "the nature and length of the professional relationship with the claimant," 3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55.

The contingency fee arrangement is reasonable in this case. First, the plaintiff's counsel seeks an award well below the 25-percent cap set by § 406(b). The plaintiff's counsel was entitled to seek the full sum withheld by the SSA without deducting the amount paid to the plaintiff's other attorneys under § 406(a).[5] See Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019). Because the plaintiff's counsel voluntarily seeks a

---

[5] However, although the Social Security Act provides for separate pools of money for § 406(a) and § 406(b) fees, "presently the [SSA] withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees." Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019). Therefore, an attorney seeking the full withheld sum pursuant to § 406(b) after a separate award of § 406(a) fees may have to "file a lawsuit against his disabled client to collect the difference." See id. at 519.

5

smaller award, a finding of reasonableness is strengthened. See Crawford v. Astrue, 586 F.3d 1142, 1151-52 (9th Cir. 2009) (finding award of § 406(b) fees reasonable where "counsel voluntarily reduced those fees substantially from the allowable 25%"). Second, neither party claims that the plaintiff's counsel's representation of the plaintiff has been substandard. To the contrary, the plaintiff's counsel was instrumental in securing benefits on behalf of the plaintiff, as indicated by the administrative forum's repeated denials of the plaintiff's SSDI benefits. Third, there is no evidence to support an assertion that the plaintiff's counsel was responsible for any undue delay. Finally, there is no evidence nor allegation that the plaintiff's counsel acted fraudulently or overreached when initially making the contingency arrangement.

Nor does the contingency fee provide a windfall for the plaintiff's counsel. The plaintiff's counsel represents that he has substantial experience handling Social Security cases, handling over 1,000 cases in his career, including more than fifty in federal court. Pl.'s Mem., ECF No. 24, at 8. Additionally, the plaintiff's counsel has had a significant relationship with the plaintiff. While the plaintiff's counsel did not handle the administrative proceedings before the Social Security Administration, the plaintiff's counsel has spent a considerable amount of time on the plaintiff's case in federal

6

court after being retained. Id. Nothing indicates that the plaintiff is dissatisfied by this representation nor by any of the services provided by the plaintiff's counsel. Finally, it is clear that, absent counsel, an award of benefits was highly uncertain, given that the plaintiff's application for SSDI benefits was denied twice by the ALJ and once by the Appeals Council. Accordingly, the fee requested by the plaintiff's counsel is reasonable.

### III.

The plaintiff's counsel has already been awarded attorney's fees under the EAJA in the amount of $5,800.00. ECF No. 18. The plaintiff's counsel must return the lesser amount of any two awards of attorney's fees awarded under Section 406(b) and the EAJA where those fees were awarded for the same work. See Gisbrecht, 535 U.S. at 798 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."). Accordingly, the plaintiff's counsel must refund $5,800.00 to the plaintiff, because it is the lesser of the amounts due to the plaintiff's counsel under both the EAJA and Section 406(b).

7

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for attorney's fees is **granted**. The plaintiff's counsel is to be awarded $29,026.16 pursuant to 42 U.S.C. § 406(b), which is less than 25% of $194,505.50, the total amount of past-due benefits received by the plaintiff. The plaintiff's counsel shall refund $5,800.00, the amount the plaintiff's counsel received under the EAJA, to the plaintiff. The Clerk is directed to close ECF Nos. 19 and 23.

**SO ORDERED.**

**Dated:**   New York, New York
         June 1, 2023

_____
John G. Koeltl
United States District Judge